**FILED**
**U.S. District Court**
**District of Kansas**
03/30/2026
**Clerk, U.S. District Court**
By:__JAL__ **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PIERRE QUARAN HAMILTON,

        Petitioner,

    v.                          CASE NO. 26-3056-JWL

STATE OF KANSAS[1],

        Respondent.

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Pierre Quaran Hamilton, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. With his petition, Petitioner also submitted for filing a motion for leave to proceed in forma pauperis (Doc. 2), a motion for relief under Federal Rule of Civil Procedure 59 (Doc. 3), and a motion for relief under Federal Rule of Civil Procedure 60 (Doc. 4). For the reasons set forth below, the Rule 59 and Rule 60 motions will be denied, Petitioner will be granted time to submit the documentation required to support his motion for leave to proceed in forma pauperis, and Petitioner will be ordered to show cause, in writing, why this matter should not be dismissed because he has not exhausted state-court remedies.

### Motion for Leave to Proceed In Forma Pauperis (Doc. 2)

Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Gloria Geither, the current interim warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

1

Courts provides that a habeas petitioner who files a motion for leave to proceed in forma pauperis must submit "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Local Rule 9.1(g)(2) contains the same requirement. *See* D. Kan. R. 9.1(g)(2). Petitioner has neither submitted the required financial certificate nor included any explanation as to why he has not done so. The Court therefore will defer ruling on the motion for leave to proceed in forma pauperis and Petitioner will be granted time in which to file either the required certificate or a response to this order explaining why he is unable to do so. If Petitioner fails to comply by the deadline set in this order, this matter may be dismissed without prejudice and without further prior notice to Petitioner.

**Motions for Relief under Rules 59 and 60 (Docs. 3 and 4)**

With the petition that began this federal habeas case, Petitioner submitted a "Motion under Fed. R. Civ. P. 59" (Doc. 3) and a "Motion under Fed. R. Civ. P. 60" (Doc. 4). Petitioner states that he wants the Rule 59 motion to be "filed as (1) being primary of '3' filing's on this 19th day of March, 2026 [and] in good faith of this Hon. Court's ability to 'Liberally Construe' based on facts presented in 22 U.S.C. 2254 dated 3-17-26 . . . ." (Doc. 3, p. 1 (ellipses and all errors in original).) Petitioner further asserts that he "has been victimized" by the Kansas Supreme Court and he asks this Court to "accept[ his] case [and] plea" in light of the information in his "multiple filings." *Id.* The Rule 60 motion, which Petitioner designates as "secondary," similarly refers to this Court's ability to liberally construe the facts presented in previous filings and generally alleges Petitioner's victimization by the Kansas Supreme Court.

Generally speaking, Rule 59 of the Federal Rules of Civil Procedure sets forth standards under which a court may grant a motion for new trial and procedural requirements for such

motions; it also provides the time allowed for filing a motion to alter or amend a judgment. Fed. R. Civ. P. 59. Rule 60 sets forth the circumstances in which a court may grant relief from or correct a clerical mistake in a judgment, order, or proceeding. Fed. R. Civ. P. 60. By the very nature of these rules, neither provides relief to a petitioner at the beginning of a federal habeas action under 28 U.S.C. § 2254, which is the current posture of this case. No trial has occurred, so no "new trial" could be granted under Rule 59. No judgment has entered, so there is no judgment to alter or amend under Rule 59. No judgment or order has entered and no proceeding has occurred, so there is nothing from which to grant relief under Rule 60. The Court has issued nothing that could contain a clerical mistake appropriate for correction under Rule 60. Even liberally construing the motions, neither identifies relief being sought that is available under the designated rule. Accordingly, both motions will be denied.

### The Petition (Doc. 1)

The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Petitioner will be granted time in which to show cause why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court.

### Background

After Petitioner pled nolo contendere to second-degree murder[2], the District Court of Wyandotte County, Kansas convicted him of the charge and sentenced him to 154 months in prison. (Doc. 1, p. 1.) Petitioner pursued a direct appeal to the Kansas Court of Appeals ("KCOA"), but voluntarily dismissed his appeal before the KCOA issued an opinion. *Id.* at 5.

On July 3, 2025, Petitioner filed in this Court a petition for writ of habeas corpus under 28

---

[2] The Court notes that in prior federal habeas petitions, Petitioner acknowledged that he was also convicted of "mistreatment of a dependent adult/elder." *See Hamilton v. Geither*, Case No. 25-3126-JWL, Doc. 1, p. 1.

U.S.C. § 2254 challenging the constitutionality of the Wyandotte County conviction. *See Hamilton v. Geither*, Case No. 25-3126-JWL. In August 2025, the Court issued a memorandum and order to show cause ("MOSC") in that case that stated, in relevant part:

> "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA or the Kansas Supreme Court ("KSC"), which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

> In this case, Petitioner candidly admits that he has not exhausted either of the grounds for relief in his amended federal habeas petition. (Doc. 7, p. 5-7.) He explains that his "faith in the State of Kansas District, Appeal [and] Supreme Courts has been broken [and his] Fate is in the Federal Court . . . ." *Id.* at 4. Petitioner further states that he voluntarily dismissed his state-court appeal "for the same reasons I brought 500.00 cash on 10-5-22, I remain a faithful subject of Hon. Martinez ruling [and] pray my 'dismissal' reflects that." *Id.* at 5 (all errors in original). Later in the petition, after again conceding that he has not exhausted his asserted grounds for relief, Petitioner asserts that "the State of Kansas is the violator of (Constitutional Rights) [and] they made me guilty to cover their negligence/reckless indifference of Federally protected rights of others." *Id.* at 11 (all errors in original). He also asserts that he "presented both grounds in Habeas Corpus 'Great Writ' in 2024 prior to trial."[3] *Id.* (all errors in original).

> The Court pauses to note that the precise nature of the claims Petitioner intends to bring in this federal habeas action are far from clear. Even so, it is readily apparent from the amended petition that Petitioner has not argued these claims—or any claims—to the Kansas appellate courts, as required for exhaustion. Thus, the two grounds for relief in the amended petition are unexhausted.

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). The exhaustion requirement "reflects a policy of federal-state

---

[3] The Court notes that in 2024, Petitioner twice sought federal habeas relief under 28 U.S.C. § 2241 in this Court; both cases were ultimately dismissed without prejudice. *See Hamilton v. Kansas*, Case No. 24-3067-JWL (dismissed on June 25, 2024 under Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Hamilton v. Soptic*, Case No. 24-30880-JWL (dismissed on July 30, 2024 under the federal abstention doctrines in *Ex parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37 (1971)).

4

comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard*, 404 U.S. at 275 (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights of state prisoners under sentence for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76. The Court recognizes Petitioner's assertion that his faith in the state court system "has been broken," but a subjective loss of faith is not one of the bases on which this Court can allow a § 2254 petitioner to avoid the exhaustion requirement. (*See* Doc. 7, p. 4.)

Instead, a federal court can excuse a lack of exhaustion "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). And "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

*Hamilton v. Geither*, 2025 WL 2240854, *2-3 (D. Kan. Aug. 6, 2025) (unpublished).

Because none of the circumstances that would excuse compliance with the exhaustion requirement appeared present, the Court gave Petitioner time to show cause why the case should not be dismissed without prejudice so that he could exhaust his claims in state court. *Id.* at 3. Petitioner timely filed a response, but the Court was unconvinced by the arguments therein and, on September 9, 2025, it dismissed the case without prejudice for failure to exhaust. *See Hamilton v. Geither*, 2025 WL 2606594 (D. Kan. Sept. 9, 2025) (unpublished).

Petitioner began the federal habeas case now before this Court on March 19, 2026. (Doc. 1.) He asserts three grounds for relief. In Ground One, Petitioner asserts that his Fourteenth Amendment rights to due process and equal protection of the laws were and are being violated because he has been illegally imprisoned based on an unconstitutional and void journal entry. *Id.* at 5. Petitioner also refers briefly to a Sixth Amendment violation that led to the conviction at issue

5

and he generally asserts that the trial judge was biased and prejudiced. *Id.* In an attachment to the petition, Petitioner further explains that he believes his right to counsel was violated, that there was "an illegal signature," and that the trial judge should have recused. *Id.* at 15.

As Ground Two, Petitioner asserts the violation of the Sixth Amendment based on his being represented by an attorney—or assisted by a "standby attorney"—he clearly and unequivocally did not want. (Doc. 1, p. 6.) In Ground Three, Petitioner asserts that his constitutional right to a fair trial was violated by the "bias[ed] and prejudice[d] judge." *Id.* at 8. As relief, Petitioner seeks his immediate release, an order vacating his sentence, and the expungement of his record. *Id.* at 14.

## Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Exhaustion

Even liberally construing the petition (Doc. 1), Petitioner does not show that he has exhausted the grounds for relief asserted therein, although it seems that he has been trying to do so. Petitioner explains that he filed a motion in the Kansas Supreme Court seeking relief under

6

K.S.A. 60-1501, the Kansas Supreme Court directed that the motion be filed in Shawnee County District Court as a K.S.A. 60-1507 motion, and the Shawnee County District Court then denied the motion. (*See* Doc. 1, p. 16-20.)

The Court understands that Petitioner's attempts to bring his claims before the Kansas Supreme Court have been unsuccessful and that Petitioner is perplexed. *See id.* at 16. This Court cannot provide legal advice to Petitioner or instruct him on the steps to take in state court. The attachments to the petition indicate that the Kansas appellate courts have provided Petitioner with guidance, and Petitioner is advised to carefully consider that information. (*See* Doc. 1-3, p. 2-3; Doc. 1-5, p. 1-12; Doc. 1-9.) Moreover, as previously explained to Petitioner, neither "his desire to bypass" state courts nor his preference for this Court to determine the merits of his claims is sufficient to excuse him from the exhaustion requirement. *See Hamiton*, 2025 WL 2606594 at *3 & n.3. Petitioner will be given time in which to show cause, in writing, why this matter should not be dismissed without prejudice because, as with his previous federal habeas petition, the grounds in the current petition have not been properly exhausted and avenues for exhaustion appear to remain available to him.

**IT IS THEREFORE ORDERED** that Gloria Geither, interim Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **April 30, 2026** to submit (1) the financial certificate required to support his motion for leave to proceed in forma pauperis or (2) a written response explaining his inability to do so.

**IT IS FURTHER ORDERED** that the motion for relief under Rule 59 (**Doc. 3**) and the motion for relief under Rule 60 (**Doc. 4**) are **denied.**

7

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **April 30, 2026**, to show cause in writing why this matter should not be dismissed without prejudice because Petitioner has not exhausted his claims in state court and avenues for exhaustion appear to remain available. The failure to timely comply with this order will result in the dismissal of this matter without prejudice and without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 30th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge