**FILED**
**U.S. District Court**
**District of Kansas**
04/08/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

PIERRE QUARAN HAMILTON,

      **Petitioner,**

  v.            **CASE NO. 26-3056-JWL**

GLORIA GEITHER,

      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Pierre Quaran Hamilton, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. With his petition, Petitioner filed a motion for leave to proceed in forma pauperis ("the IFP motion") (Doc. 2); a motion for relief under Federal Rule of Civil Procedure 69 (Doc. 3), and a motion for relief under Federal Rule of Civil Procedure 60 (Doc. 4). On March 30, 2026, the Court issued a memorandum and order to show cause ("MOSC") that addressed the initial filings. (Doc. 5.) The MOSC first granted Petitioner to and including April 30, 2026 to submit either (1) the financial certificate required to support the IFP motion or (2) a written response explaining his inability to do so. *Id.* at 1-2.

The MOSC then denied the motions for relief under Rules 59 and 60, explaining that relief under those rules is not available at the beginning of a case. *Id.* at 2-3. The MOSC also addressed the Court's initial review of the petition and its conclusion that this matter should be dismissed without prejudice to refiling after he exhausts his claims in state court. *Id.* at 3-7. It granted Petitioner until April 30, 2026 to show cause in writing why this matter should not be dismissed without prejudice. *Id.* at 8.

1

Since that time, Petitioner has filed the following: (1) a 66-page submission that the Court directed the clerk to docket as a notice to the Court (Doc. 6); a 1-page "Motion to Stay or Keep This Action On File" (Doc. 7); a second motion seeking relief under Rule 59 (Doc. 8); a second motion seeking relief under Rule 60 (Doc. 9); a 1-page "'Amended' M&O Compliance/Response Overview" with 80 pages of attachments (Docs. 10 and 10-1); and a document titled "'For The Record'" with 12 pages of attachments (Docs. 11, 11-2, and 11-2). The final document and attachments thereto relate to Petitioner's IFP motion and include the required financial certificate. In light of this information, the IFP motion (Doc. 2) will be granted.

The "Motion to Stay or Keep This Action [o]n File," when liberally construed, asks the Court to keep this case open until the April 30, 2026 deadline set forth in the MOSC. (Doc. 7.) It also advises the Court of Petitioner's intent to "refile" documents already filed in this case. *Id.* This motion will be granted in part and denied in part.

As Petitioner is aware from previous cases before this Court, an order granting him time to provide information to the Court is neither a license to submit multiple filings nor permission to file documents unrelated to the information requested by the Court. *See Hamilton v. Wyandotte Cnty. Dist. Court*, 2025 WL 1825563, *2-3 (D. Kan. July 2, 2025) (unpublished) (rejecting argument that the deadline for filing an amended complaint "authorize[d] piecemeal filings," "permit[ed] Plaintiff to submit multiple filings," or required the Court to wait until the set deadline passed before screening the submitted amended complaint); *Hamilton v. Geither*, 2025 WL 3241442, * (D. Kan. Nov. 20, 2025) (unpublished) (reminding Petitioner of previous warnings about irrelevant filings constituting abusive litigation and potentially leading to filing restrictions).

Yet the same day that Petitioner filed the motion to stay (Doc. 7), he also filed what appears to be a response to the MOSC (Doc. 10) and 80 pages of attachments. The Court has previously

2

explained to Petitioner that when he is given a deadline in a case, it is not the Court's intent to allow him to file multiple responsive documents for the Court to read in aggregate. To the extent that Petitioner seeks leave to proceed in this fashion through his motion to stay, permission is denied. The Court will, however, allow Petitioner time to determine and identify the single, responsive submission to the MOSC he wishes the Court to consider. Petitioner should carefully consider the following guidelines.

If Petitioner wishes the Court to consider the submission at Doc. 10 as his single response to the MOSC's analysis on exhaustion, Petitioner may either (1) file a document titled "Notice to the Court" that states he wishes Doc. 10 to stand as his response to the MOSC or (2) file nothing further in this matter on or before April 30, 2026. If the Court receives from Petitioner a "Notice to the Court" or receives nothing further on or before April 30, 2026, it will consider the filing at Doc. 10 to be Petitioner's response to the MOSC and will issue further orders as necessary.

If Petitioner does *not* wish the Court to consider the submission at Doc. 10 as his single response to the MOSC's analysis on exhaustion, he must submit for e-filing, on or before April 30, 2026, a single document titled "Response to the MOSC (Doc. 5)" that contains all of the reasons Petitioner believes this matter should not be dismissed without prejudice to refiling after he exhausts his grounds for relief. Petitioner may include attachments to the response, but all attachments must be submitted at the same time as the response and must be clearly labeled as attachments to the response. Moreover, Petitioner should ensure that the relevance of the attachments to the question of exhaustion is clear and that the attachments do not duplicate documents already filed in this case. While the Court appreciates Petitioner's desire to ensure all relevant information is before the Court, sorting through lengthy filings to determine which pages are simply duplicates of pages already filed is not an efficient use of court resources.

For example, the submission from Petitioner that is filed at Doc. 6 and is liberally construed as a notice to the court consists of 66 pages in total. The first 7 pages, labeled as Exhibit D, are duplicates of 7 pages already filed as part of Exhibit E to the petition. (Compare Doc. 1-5, p. 6-12 with Doc. 6, p. 1-7.) The next 2 pages, labeled Exhibit D, are duplicates of pages filed as Exhibit G to the petition. (Compare Doc. 1-7 with Doc. 6, p. 8-9.) The Court has reviewed the rest of the submission and finds that, even liberally construed, the purpose of the submission is unclear. Thus, the Court will take no further action on that filing.

To be clear, if Petitioner chooses to submit a new filing to stand as his response to the MOSC, he must ensure that all of his responsive arguments are in that response. If the Court receives from Petitioner a Response to the MOSC—even if it is received before the deadline of April 30, 2026—the Court will not entertain further amendments or supplements to that response and will instead review the response and issue further orders as necessary. It will not necessarily wait until April 30, 2026 to enter orders in this case.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (**Doc. 2**) is **granted**.

**IT IS FURTHER ORDERED** that the motion for relief under Federal Rule of Civil Procedure 59 (**Doc. 8**) and the motion for relief under Federal Rule of Civil Procedure 60 (**Doc. 9**) are **denied**.

**IT IS FURTHER ORDERED** that the motion to stay case (**Doc. 7**) is **granted in part and denied in part**. This case shall not be stayed, but Petitioner will be granted time in which to elect whether he (1) wishes the submission at Doc. 10 to be his sole response to the Court's directive that he show cause why this matter should not be dismissed without prejudice so that he

may exhaust state-court remedies or (2) wishes to submit a different document to stand as his single response to the Court's show cause order. Petitioner should carefully read this order in its entirety before filing anything further in this case.

**IT IS SO ORDERED.**

DATED:   This 8th day of April, 2026, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge