**FILED**
**U.S. District Court**
**District of Kansas**
04/16/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

Petitioner,

v.                                                      CASE NO. 26-3056-JWL

GLORIA GEITHER,

Respondent.

## MEMORANDUM AND ORDER

Petitioner and state prisoner Pierre Quaran Hamilton brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. On March 30, 2026, the Court issued a memorandum and order to show cause ("MOSC") granting Petitioner time to show good cause, in writing, why this matter should not be dismissed without prejudice because Petitioner has failed to exhaust his claims in state court. (Doc. 5, p. 6-8.) Petitioner thereafter filed multiple documents and, in compliance with this Court's order of April 8, 2026 (Doc. 12), he now has identified the filing he intends to be his response to the MOSC. (Doc. 16, p. 1 (stating that the response filed on April 10, 2026 "is my single response submission . . . .").) The Court has carefully considered the response (Doc. 15) and concludes that, for the reasons explained below, this matter should be dismissed without prejudice.

## Background

Petitioner is familiar with the events that led to his prosecution and conviction and the Court sees no need to repeat them in detail here. It is sufficient to say that in June 2024, in the district court of Wyandotte County, Kansas, Petitioner pled no contest to and was found guilty of unintentional second-degree murder and mistreatment of a dependent adult or elder person. (Doc.

1

7, p. 1.) The state district court sentenced him to 154 months in prison. *Id.* Petitioner pursued a direct appeal to the Kansas Court of Appeals but on June 26, 2025, he voluntarily dismissed his appeal without having filed a brief. *Id.* at 2; (*see also* Doc. 1-1, p. 2).

Petitioner filed a federal petition for writ of habeas corpus in this Court on July 3, 2025. (*See* Doc. 5, p. 3-4 (citing *Hamilton v. Geither*, Case No. 25-3126-JWL).) The Court reviewed the petition and gave Petitioner time to show good cause why the case should not be dismissed without prejudice because the claims in the petition were not exhausted in the state courts. (*See* Doc. 5, p. 4-5.) Petitioner filed a response, but in September 2025, the Court dismissed the case for failure to exhaust. *Id.* at 5.

Petitioner then returned to state court and attempted to exhaust his claims by filing a motion in the Kansas Supreme Court seeking relief under K.S.A. 60-501. (*See* Doc. 1, p. 16-20.) The attempt was unsuccessful and the Kansas Supreme Court appears to have sent the motion to be filed in Shawnee County District Court, which treated it as a K.S.A. 60-1507 motion and denied relief. *Id.* Liberally construing the petition filed in the case now before this Court, it also appears that Petitioner may have submitted additional motions or documents to the Kansas Supreme Court seeking to exhaust his challenges to the Wyandotte County convictions. *See id.* at 3-4. Some of the documents were returned to Petitioner by the chief deputy clerk of the Appellate Courts of Kansas because his office was unable to determine the purpose for submitting the materials. (*See* Doc. 1-3, p. 2-3.) The state appellate court also provided Petitioner appellate rules and outlines. (Doc. 1-5, p. 1-12.)

Petitioner then returned to this Court and filed the federal habeas petition that began the current case on March 19, 2026. (Doc. 1.) He has been granted leave to proceed in forma pauperis. (Doc. 12.) As noted above, on March 30, 2026, the Court issued an MOSC granting Petitioner time

to show good cause why this matter should not be dismissed without prejudice for failure to exhaust. (Doc. 5.) Petitioner filed his response to the MOSC on April 10, 2026. (Doc. 15.)

**Discussion**

The exhaustion rules that apply to federal habeas petitions brought under 28 U.S.C. § 2254 are set forth in the MOSC, as they were in Petitioner's previous § 2254 case, and will not be repeated in detail here. (*See* Doc. 5, p. 4-5.) In any event, Petitioner readily concedes that he has not exhausted his claims in the state courts prior to seeking federal habeas relief. (Doc. 15, p. 3.) Rather, he asks this Court to proceed with this case "without [him] having to exhaust state court remedies," pointing out his unsuccessful efforts to do so thus far. *Id.* at 1-2. Petitioner contends that his circumstances fit under an exception to exhaustion that the United States Supreme Court recognized in *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981), because "the corrective process is so clearly deficient as to render futile any effort to obtain relief." (Doc. 15, p. 1.)

Petitioner also reminds the Court that he had no criminal history prior to the Wyandotte County proceedings he wishes to challenge and he appeals to the Court's interest in justice. *Id.* at 3. Finally, Petitioner notes that on April 9, 2026, he received mail purportedly from the Kansa Supreme Court indicating that his petition for writ of habeas corpus had been filed and assigned a case number, but Petitioner doubts the validity of the document because it lacks an official seal, does not reflect a district court case number, and does not bear the heading "In the Supreme Court of Kansas." (*See* Doc. 15, p. 3 and Doc. 15-4, 1-3.)

The Court has carefully liberally construed and carefully considered Petitioner's arguments in the response to the MOSC. It remains unconvinced that Petitioner should be excused from complying with the federal habeas exhaustion requirement. The notice from the Kansas Supreme Court Petitioner received on April 9, 2026 indicates that a petition for habeas corpus relief has

3

been docketed in that court, which undermines Petitioner's argument that his efforts to obtain relief are futile.

This Court does not share Petitioner's concerns about the validity of the notice. As previously explained to Petitioner, this Court cannot give him legal advice or instruct him on the steps to take in state court. (*See* Doc. 5, p. 7.) According to the information available at www.legalservicesforprisoners.org, however, the organization Legal Services for Prisoners, Inc. "provides legal services to indigent inmates in Kansas correctional facilities" and "currently operates offices in. . . Lansing Correctional Facility," where Petitioner is currently confined. And, as noted in the MOSC, the Kansas appellate courts have provided Petitioner with some guidance on his available options. When this information is considered along with the evidence showing that Petitioner currently has a habeas petition pending before the Kansas Supreme Court, this Court maintains its prior conclusion that, for the reasons set forth in the MOSC, this matter must be dismissed without prejudice for failure to exhaust.

The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that if Petitioner exhausts his claims in state court, this dismissal will not prevent him from filing another petition for federal habeas relief under § 2254. Petitioner must, however, comply with other requirements for filing such a petition, including doing so within the applicable statute of limitations.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

4

of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 16th day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5